Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-11-00360-CR

Kristopher Lee **SMITH**,
Appellant

v.

The **STATE** of Texas

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR12385
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 21, 2012

AFFIRMED

A jury found appellant Kristopher Lee Smith guilty of the offense of murder and sentenced him to sixty-five years confinement in the Texas Department of Criminal Justice–Institutional Division.  On appeal, Smith raises a single point of error in which he contends his constitutional rights were violated by the State's improper jury argument during the punishment phase of the trial.  We affirm.

**BACKGROUND**

A detailed rendition of the facts is unnecessary to the disposition of the appeal. Accordingly, an abbreviated version of the facts is provided for context.

At trial, the evidence showed that in 2009, Smith was living with his parents. One evening, Smith's father became angry because Smith had failed to go to work. Smith's mother went upstairs to talk to Smith about this issue. After talking with her son, Smith's mother went back downstairs, but Smith began to yell at her from upstairs as she and Smith's father attempted to watch television.

When Smith's mother tired of listening to Smith yell over the television, she went into her office to check her email. Before she checked more than two emails, she heard a shot and ran to see what had happened. She found Smith's father in the living room looking upstairs at Smith; Smith's father then collapsed–he had been shot. Smith's mother called 911. As she spoke to the 911 operator, Smith came downstairs, stood by his father's body and said, "Where is your God now?" Smith was still holding the gun. Smith's father died from a single gunshot wound to the heart.

Smith claimed that on the day of the murder he drank alcohol and took pills in an attempt to commit suicide. He further claimed he could not remember shooting his father. After a jury trial, Smith was convicted. He then perfected this appeal.

**ANALYSIS**

On appeal, the only error alleged by Smith relates to a portion of the State's closing argument. Smith contends he is entitled to a new trial on punishment because the State improperly asked the jury during closing argument to consider Smith's mother's testimony that a twenty-year sentence was unacceptable to her. Smith contends this argument violated his

constitutional rights to due course and due process of law. The State responds by arguing that Smith has failed to preserve error for our review because he failed to object to the complained of argument.

The Texas Court of Criminal Appeals has held that to preserve error regarding improper jury argument, the defendant must object to the argument. *See, e.g., Mays v. State*, 318 S.W.3d 368, 394 (Tex. Crim. App. 2010), *cert. denied*, 131 S.Ct. 1606 (2011); *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010), *cert. denied*, 131 S.Ct. 905 (2011); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *see also* TEX. R. APP. P. 33.1. Even if the argument is so egregious that no instruction to disregard could cure the harm, an objection is required to preserve the matter for appellate review. *Estrada*, 313 S.W.3d at 303 (noting that court of criminal appeals overruled egregious argument exception in *Cockrell*).

We have reviewed the record and have determined that Smith did not object to the portion of the State's argument of which he now complains. Accordingly, Smith has not preserved this matter for our review, and his argument that his failure to object "matters not" is incorrect. *See Mays*, 318 S.W.3d at 394; *Estrada*, 313 S.W.3d at 303; *Cockrell*, 933 S.W.2d at 89; TEX. R. APP. P. 33.1. Even if challenged as constitutional error, an error is waived by a failure to object unless the alleged error relates to a right that is: (1) waivable-only, such as the right to counsel and the right to trial by jury, or (2) an absolute systemic right, such as jurisdiction of the person, subject matter jurisdiction, and a penal statute's need for compliance with the separation of powers section of the state constitution. *Saldano v. State*, 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002). Here, Smith does not argue the State's argument violated a waivable-only right nor an absolute systemic right, nor do we find that the alleged error amounts to an attack on such rights.

Having failed to object to the State's argument, Smith has waived error. Accordingly, we overrule his point of error and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish